UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODERICK B. BILLINGSLEA | ) <br> ) **JUDGMENT IN A CRIMINAL CASE** <br> ) <br> ) Case Number:   1:24-cr-00043-LMM-CMS <br> ) USM Number:   00203-511 <br> ) <br> ) <u>Manubir S. Arora</u> <br> ) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to counts 1 & 4 of the Indictment.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1343 and § 2 | WIRE FRAUD | April 2022 | 1 |
| 18 U.S.C. § 1519 and § 2 | FALSIFICATION OF RECORDS | November 3, 2020 | 4 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The remaining counts are dismissed pursuant to Standing Order 07-04.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

August 13, 2024
Date of Imposition of Judgment

*/s/ Leigh Martin May*
Signature of Judge

LEIGH MARTIN MAY, U. S. DISTRICT JUDGE
Name and Title of Judge

August 14, 2024
Date

DEFENDANT:   RODERICK B. BILLINGSLEA
CASE NUMBER:   1:24-cr-00043-LMM-CMS                                                                                   Judgment -- Page **2** of **6**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of thirty months as to Count 1 and thirty months as to Count 4, to be served concurrently, for a total sentence of **THIRTY (30) MONTHS**.

The defendant shall voluntarily surrender to the United States Marshal for this district by NOON on Tuesday, August 20, 2024.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   RODERICK B. BILLINGSLEA  
CASE NUMBER:  1:24-cr-00043-LMM-CMS                                                                                   Judgment -- Page **3** of **6**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of three years as to Counts 1 and 4, to be served concurrently, for a total term of **THREE (3) YEARS**.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.   Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:   RODERICK B. BILLINGSLEA
CASE NUMBER: 1:24-cr-00043-LMM-CMS                                                                              Judgment -- Page **4** of **6**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:   www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

DEFENDANT:   RODERICK B. BILLINGSLEA
CASE NUMBER:  1:24-cr-00043-LMM-CMS                                                                     Judgment -- Page **5** of **6**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

DEFENDANT: RODERICK B. BILLINGSLEA
CASE NUMBER: 1:24-cr-00043-LMM-CMS                                                Judgment -- Page **6** of **6**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant shall pay to the United States a special assessment of $200, which shall be due immediately. The assessment should be paid to the Clerk, U.S. District Court, Northern District of Georgia.

<u>Special Assessment</u>

TOTAL          $200.00

The Court finds that the defendant does have the ability to pay a fine and cost of incarceration. The Court will not impose a fine but will impose the cost of incarceration in this case.

<u>Fine</u>

TOTAL          $0

<u>Cost of Incarceration</u>

TOTAL          $49,770.00 Annually

<u>Restitution</u>

TOTAL          $591,668.89

The defendant is ordered to make restitution in the amount of $591,668.89, payable to Clerk, U.S. District Court, Northern District of Georgia. Funds will be distributed by the Clerk to the following victim:

| Name of Payee | Restitution Ordered |
|---|---|
| SBA/DFC<br>SBA Loan # 56493979-07<br>721 19th Street<br>3rd Floor, Room 301<br>Denver, CO 80202 | $591,668.89 |

Restitution shall be paid in full immediately.

Payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303. Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $250 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.